In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Hart, J.), dated July 29, 2011, which denied its motion, inter alia, pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against it and for judgment as a matter of law or, in the alternative, to set aside the jury verdict on the ground that the defendant was deprived of a fair trial and for a new trial, or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, or, in the alternative, to conditionally reduce the awards of *687 damages for past and future pain and suffering and economic damages on the ground that they deviate materially from what would be reasonable compensation.
Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendant’s motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the ground that the defendant was deprived of a fair trial and for a new trial, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different Justice.
In this medical malpractice action, the infant plaintiff, by his mother and natural guardian, alleged that the defendant hospital failed to properly diagnose the mother’s pre-term labor upon presentation on August 21, 1998, and delayed delivery despite an indication of fetal distress on August 25, 1998, thereby causing the infant to suffer from lack of oxygen, resulting in cerebral palsy and other related injuries. The defendant contends that the infant’s injuries were caused by uteroplacental insufficiency (a failure of the placenta to carry sufficient oxygen and nutrients to the fetus), a condition which could not have been diagnosed prior to delivery.
The trial court committed several errors and engaged in conduct that served to deprive the defendant of a fair trial. At trial, the defendant presented the expert testimony of a pediatric neurologist, Walter Molofsky. Molofsky had not examined the infant and, therefore, based his opinions upon his review of the medical records. On cross-examination, the plaintiffs counsel challenged Molofsky’s opinions based upon the fact that he had not examined the infant, and raised the fact that another pediatric neurologist, Joseph Maytal, had examined the infant on behalf of the defendant, but had not been called to testify. The defendant sought permission to call Maytal for the limited purpose of testifying as to his clinical findings upon examination. The court denied the defendant’s request on the ground that Maytal’s testimony would be cumulative to Molofsky’s testimony.
“[Wlhether evidence should be excluded as cumulative rests within the sound discretion of the trial court” (Shafran v St. Vincent’s Hosp. & Med. Ctr., 264 AD2d 553, 556 [1999] [internal quotation marks and citations omitted]). However, as the defendant contends, Maytal’s testimony would not have been cumulative to the extent that it would have been limited to his clinical findings regarding his physical examination of the infant. *688 Molofsky chiefly testified regarding the issue of causation, i.e., whether the infant’s injuries were caused by a hypoxic event during the delivery. He was precluded by the trial court from testifying concerning Maytal’s examination report because it had not been entered into evidence. Thus, although there was potential for overlap between the testimony of Maytal and Molofsky, the trial court should have allowed Maytal’s testimony, limiting the subject matter of his testimony to his clinical findings upon physical examination, as requested by the defendant, rather than precluding Maytal’s testimony altogether (see id. at 557; Rojas v Greyhound Lines, 254 AD2d 188 [1998]; Jellema v 66 W. 84th St. Owners Corp., 248 AD2d 117 [1998]). The court’s ruling resulted in significant prejudice to the defendant, since it prevented the defendant from addressing the argument made by the plaintiff’s counsel during summation that Maytal was not called to testify because his findings would not have been favorable to the defense.
The defendant was further deprived of a fair trial by the court’s excessive intrusion into the examination of witnesses, and by the nature and extent of its questioning and comments (see generally DeCrescenzo v Gonzalez, 46 AD3d 607 [2007]). It is axiomatic that the trial court “has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary” (Messinger v Mount Sinai Med. Ctr., 15 AD3d 189, 189 [2005]). Nonetheless, a trial court must be “mindful that its participation in the questioning of witnesses has the potential to influence the jury and, thus, when it intervenes to clarify testimony or elicit a responsive answer, it must be careful to do so in an evenhanded and temperate manner” (Rizzo v Kay, 79 AD3d 1001, 1002 [2010]). Here, while the trial court had the authority to elicit and clarify the defense witnesses’ testimony, the record shows that on repeated occasions, including those specifically discussed by our dissenting colleague, it did not do so in an evenhanded and temperate manner. The court conveyed an impression of incredulity with respect to the defense witnesses’ opinions, as reflected by the record (see Porcelli v Northern Westchester Hosp. Ctr., 110 AD3d 703 [2013] [decided herewith]; Butler v New York City Hous. Auth., 26 AD3d 352 [2006]; Gentile v Terrace Hgts. Hosp., 57 AD2d 585 [1977]). Moreover, the court’s incredulity had an improper cumulative effect (see Porcelli v Northern Westchester Hosp. Ctr., 110 AD3d 703 [2013] [decided herewith]).
The court further deprived the defendant of a fair trial by issuing a supplemental jury instruction pursuant to Noseworthy v *689 City of New York (298 NY 76 [1948]). The Noseworthy doctrine had no application to the facts of this case because the infant’s inability to testify about the events surrounding his birth was not the result of memory loss stemming from the defendants’ alleged negligence. Further, the defendant’s knowledge as to the cause of the infant’s injuries was no greater than the mother’s (see Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.-Am. Legion, Inc., 94 AD3d 1058 [2012]; Zalot v Zieba, 81 AD3d 935 [2011]). The mother testified extensively about the circumstances surrounding her labor and delivery, and testified about the infant’s injuries. Since the mother and the defendant are on an equal footing with respect to their access to knowledge of the events which caused the infant’s injuries, the trial court erred in giving a supplemental jury instruction pursuant to Noseworthy, which relaxed the plaintiffs burden of proof (see Martone v Shields, 71 AD3d 840 [2010]).
Accordingly, the trial court’s errors and conduct warrant a new trial, before a different Justice.
The defendant’s remaining contentions are without merit or have been rendered academic in light of our determination. Dillon, J.E, Roman and Miller, JJ., concur.